UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ESTATE OF JACOB CHUBB, ENDELIA CHUBB**,<br><br>Plaintiffs,<br><br>vs.<br><br>**DAIMLER TRUCKS NORTH AMERICA LLC**,<br><br>Defendant. | 2:18-CV-10843-TGB<br><br>**ORDER DISMISSING CASE** |

Jacob Chubb died tragically in a truck accident on March 13, 2015. His mother, Beth Ann Chubb, as the personal representative of the Estate of Jacob Chubb, and his widow, Enedelia Chubb,[1] filed this Complaint on March 13, 2018 alleging that Defendant Daimler Trucks North America LLC ("Daimler") was liable for Mr. Chubb's death based on theories of negligence, violation of the Magnuson-Moss Warranty Act, infliction of emotional distress, and loss of consortium. ECF No. 1. The

---

[1] Enedelia Chubb's name is spelled "Endelia" on the official case caption in the Court's CM/ECF filing system. Because the Complaint spells her name "Enedelia," the Court uses that spelling in the body of this Order.

1

Court has jurisdiction over the matter based on the parties' diversity of citizenship. On January 4, 2019, Defendant filed a motion to dismiss the Complaint as barred by the statute of limitations. ECF No. 22. The Court heard oral argument on the motion on May 20, 2019.

At oral argument, Plaintiffs' counsel for the first time disclosed that the Estate of Jacob Chubb, which is one of the named Plaintiffs in this action, was closed—and had no legal existence—when this Complaint was filed. Plaintiffs have consequently conceded that, as the case currently stands, the named Plaintiffs are not the real "parties in interest" and therefore have no standing to continue this lawsuit. At oral argument Plaintiffs raised the prospect of asking the Court to dismiss without prejudice so that the case could be re-filed on behalf of the proper party in interest. The Court directed Plaintiffs' counsel to file a written motion to this effect, which he did on June 6, 2019, styled as a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41. ECF No. 32.

Having reviewed the grounds set forth in both Defendant's motion to dismiss based on the statute of limitations and Plaintiffs' motion for voluntary dismissal, the Court concludes that neither motion is well-taken, but rather that Plaintiffs' lack of standing compels dismissal of

2

the Complaint. The Court therefore **DISMISSES** the Complaint and **DENIES as moot** both pending motions.

I. Facts

After Mr. Chubb's death in March 2015, his estate was opened in Monroe County Probate Court. Plaintiffs' Motion to Dismiss, ECF No. 32 PageID.263. The probate court issued letters of authority on behalf of the Estate to Beth Ann Chubb, Mr. Chubb's mother. Complaint, ECF No. 1 PageID.2. On February 10, 2017, after Ms. Chubb failed to provide the probate court with an inventory of the estate, and after numerous notices of deficiency were mailed, the probate court administratively closed the Estate. Ex. 1 to Plaintiffs' Motion to Dismiss, ECF No. 32-1 PageID.270.

Apparently without realizing that the Estate was closed, Plaintiffs filed this Complaint on March 13, 2018, naming the Estate and Enedelia Chubb, Mr. Chubb's widow, as Plaintiffs. After the Complaint was filed, Plaintiffs failed to serve Defendant for many months. Seeing that the case was languishing, on June 29, 2018, some 107 days after Plaintiffs filed the Complaint, the Court ordered Plaintiffs to show cause why the case should not be dismissed for failure to prosecute. ECF No. 4. The Order to Show Cause required a response from Plaintiffs no later than

3

July 6, 2018. Plaintiffs missed this deadline and responded on July 11, 2018. ECF No. 5. After reviewing Plaintiffs' response, the Court extended the expiration of the summons until August 17, 2018. ECF No. 7. Plaintiffs also missed this deadline by failing to serve Defendant before the summons expired. Observing again that Plaintiffs were not prosecuting the case, the Court issued a second show cause order on October 1, 2018. By this time, nearly seven months had gone by since the Complaint was filed, but Plaintiffs had still not taken any efforts to serve Defendant with the Complaint. ECF No. 8. Plaintiffs responded to the second Order to Show Cause on October 9, 2018. ECF No. 9. Again, after reviewing the response, the Court extended the expiration of the summons to October 31, 2018. ECF No. 10. Plaintiffs finally served Defendant on October 31, 231 days after the Complaint was filed.

According to Plaintiffs, this delay was necessary "to facilitate resolution of disputes between the stakeholders, determine liens and serve the best interests of the minors." Plaintiffs' Response to Defendant's Motion to Dismiss, ECF No. 24 PageID.197. The Court, however, questions why Defendant could not have been served until after these matters were resolved.

## II. Analysis

The pending motions require the Court to consider a series of issues, addressed in turn below.

### a. Plaintiffs lacked standing to sue at the outset of this case.

Defendant first objects to dismissal on Plaintiffs' terms because Plaintiffs have submitted only the docket sheet from the probate court indicating that the Estate was closed. On this basis, Defendant argues that Plaintiffs have not adequately rebutted their initial allegation that Beth Ann Chubb is the personal representative of the Estate.[2] Defendant further contends that because the probate court docket sheet would be inadmissible at trial, Plaintiffs cannot rely on it to prove their lack of standing.

A district court may not rely on evidence to decide a motion where that evidence could not be presented in any admissible form at trial. *Bailey v. Floyd Cty. Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997) ("The proffered evidence need not be in admissible form, but its *content* must be admissible.") (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

---

[2] Somewhat counter to the interests of most defendants, this Defendant wishes to establish that Plaintiffs *do have* standing, because this is necessary in order to allow the Court to consider the merits of Defendant's pending Motion to Dismiss.

Here, Defendant has not shown that the *content* of the docket sheet could not be presented in any admissible form. *See Oglesby v. Lesan*, 929 F.3d 526, 534 (8th Cir. 2019) (affirming district court's consideration of a state court docket report for summary judgment purposes); *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010) (finding that a court may "take judicial notice of other court proceedings" when deciding a motion to dismiss). The Court may therefore rely on the probate court's docket sheet to inform this proceeding.

The docket sheet showing mailed notices of deficiency and ultimate closure of the Estate is sufficient to prove that the Estate was closed when Plaintiffs filed their Complaint in March 2018. Because the proper party in an action such as this is the personal representative of the Estate, but the Estate referenced in the Complaint is not in existence, Plaintiffs do not have standing to continue this action and the matter must be dismissed.

The first named Plaintiff in this action is "Estate of Jacob Chubb." The "Estate," however, is not the proper plaintiff. Under Michigan law, only the personal representative of the deceased's estate may bring a wrongful death action. Mich. Comp. Laws § 600.2922(2). The Estate itself

is therefore not a proper party. To the extent that the claim is brought by Beth Ann Chubb on behalf of the Estate, she is also not a proper party because she is not the Estate's personal representative.

Enedelia Chubb also lacks standing under Michigan law. The personal representative of an estate alone may bring claims for wrongful death; a spouse must bring such a claim through the personal representative. Mich. Comp. Laws § 600.2922(2); (3)(a). Enedelia Chubb therefore also lacks standing.

Defendant cites federal case law indicating that a court's judgment that a plaintiff lacks statutory standing is a determination on the merits. *Roberts v. Hamer*, 655 F.3d 578, 581 (6th Cir. 2011). For this reason, such a dismissal in federal court is often granted *with* prejudice. *Id.* at 579 (affirming the district court's dismissal with prejudice where the plaintiff did not have statutory standing). However, dismissal is not always with prejudice when federal courts in diversity cases preside over an estate's claims brought under state law. For example, in *Estate of Digiacomo v. Lentz*, No. 03 Civ. 6724, 2004 WL 66690, at *1 (S.D.N.Y. Jan. 14, 2004), the district court dismissed a claim on behalf of the Estate *without* prejudice because New York's law (like Michigan's), provided that an

estate without a personal representative is not an entity that can bring a wrongful death claim." *See also Garcia v. Diamond Marine Ltd.*, No. 13-23166-CIV, 2013 WL 6086916, at *2 (S.D. Fla. Nov. 19, 2013) ("The estate is an improper party; the personal representative of the estate *is* a proper party. Thus, dismissing the Complaint as to the estate in no way prejudices the personal representative.").

Federal courts sitting in diversity jurisdiction apply state substantive law. *Kepley v. Lanz*, 715 F.3d 969, 972 (6th Cir. 2013) (holding that a federal court applying state law "must follow the decisions of the state's highest court when that court has addressed the relevant issue"); *El-Seblani v. IndyMac Mortgage Servs.*, 510 F. App'x 425, 428 (6th Cir. 2013) ("A plaintiff must have standing under both Article III and state law in order to maintain a cause of action when invoking diversity jurisdiction in federal court.") (internal quotation marks and citations omitted). Consequently, in considering the question of whether a dismissal based on standing should be with prejudice, this Court must consider state law rather than the federal rule that Defendant relies upon in the Sixth Circuit's *Roberts* decision.

"A litigant has standing under Michigan law 'whenever there is a legal cause of action.'" *El-Seblani*, 510 F. App'x at 428 (quoting *Lansing Schs. Educ. Ass'n v. Lansing Bd. of Educ.*, 792 N.W.2d, 686, 699 (Mich. 2010)). Under Michigan law, it is well-settled that "[t]he principle of statutory standing is jurisdictional; if a party lacks statutory standing, then the court generally lacks jurisdiction to entertain the proceeding or reach the merits." *In re Beatrice Rottenberg Living Trust*, 833 N.W.2d 384, 393 (Mich. Ct. App. 2013) (citing *Miller v. Allstate Ins. Co.*, 751 N.W.2d 463, 467–68 (2008)).

Because the current Plaintiffs are not authorized under the statute to bring this case, pursuant to Michigan law on standing, the Court has no jurisdiction over the matter and cannot reach the merits of the claim. Under Michigan law, Mr. Chubb's Estate *could* pursue a cause of action through a personal representative.[3] And Enedelia Chubb could bring her claim through the Estate if pled properly through that personal representative. For these reasons, dismissal of the Complaint should be without prejudice.

---

[3] The Court does not reach the merits of Defendant's argument that Plaintiffs are outside the statute of limitations for their claims. It notes only that the wrongful death statute generally permits personal representatives to bring claims for wrongful death.

9

### b. The Court cannot consider Plaintiffs' Motion to Dismiss because Plaintiffs lack standing.

Although the Court reaches Plaintiffs requested outcome by dismissing the Complaint without prejudice, the Court emphasizes here that it is *not* granting Plaintiffs' Motion to Dismiss Voluntarily. As both parties note in the briefing on this matter, adjudicating motions for voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41 requires that the Court consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the Plaintiffs in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id*. But because the Court lacks jurisdiction over the claims, the Court cannot engage in this analysis. Similarly, the Court cannot reach Defendant's merits-based argument that the statute of limitations on this claim has expired due to Plaintiffs' noncompliance with Michigan's tolling and service-of-process rules.

## III. Conclusion

Because Plaintiffs lack standing, the Court will **DISMISS WITHOUT PREJUDICE** Plaintiffs' claims. Defendant's pending Motion to Dismiss and Plaintiffs' pending Motion to Dismiss Voluntarily are **DENIED AS MOOT**.

**SO ORDERED.**

DATED August 19, 2019.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, August 19, 2019, by electronic and/or ordinary mail.

S/A. Chubb
Case Manager and Deputy Clerk